UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
Patrick Merisier,

                Plaintiffs                     **MEMORANDUM & ORDER**

                                                      11 CV 1168(RJD)

        - against -

Commissioner, Social Security Administration,

                Defendant.
----------------------------------------------------------------x
DEARIE, District Judge.

      The instant matter arises out of plaintiff's claim that the Social Security Administration failed to reinstate his Social Security disability benefits in a timely manner. Because plaintiff died while the action was pending and no motion for substitution was "made within 90 days after service of a statement noting death" on plaintiff's daughter, the action "must be dismissed." Fed. R. Civ. P. 25(a)(1).

## BACKGROUND

      While attempting to serve its Motion to Dismiss on Plaintiff in September 2011, defendant discovered that plaintiff was deceased. See ECF Docket # 23. Defendant then initiated an investigation and in November 2011, discovered that plaintiff was survived by a daughter, but the defendant did not uncover any additional information, including the existence of a possible representative of the decedent's estate (if there is any estate) or any other surviving relatives. Id.

      In a letter dated January 3, 2012, defendant requested that the Court both (1) order that service of defendant's "Statement Noting a Party's Death" ("Statement") upon plaintiff's daughter would be sufficient and (2) approve the defendant's proposed Statement. Id. In an Order dated January 5, 2012, the Court held that while service upon plaintiff's daughter was

approved, the proposed Statement was insufficient and had to be revised in accordance with the Court's instructions. ECF Docket # 24, Order.[1] Accordingly, on January 12, 2012, defendants submitted a revised statement, ECF Docket # 25, which the Court approved on January 17, 2012. ECF Docket # 26. On February 10 and 13, 2012, respectively, the revised statement was served on plaintiff's daughter both on her premises and by first-class mail. ECF Docket # 27-1, Affidavit of Service. The Court has not since received, nor been alerted to, any motion for substitution by any party.

On July 24, 2012, defendants filed an amended motion to dismiss with the additional argument that the case should be dismissed for failure to file a motion for substitution within ninety days after the service of the statement. ECF Docket # 30.

**DISCUSSION**

Federal Rule of Civil Procedure 25(a) governs when a named party to a pending civil action dies and allows for the substitution of parties in certain circumstances. Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*.

Fed. R. Civ. P. 25(a) (emphasis added). Here, because "[t]he Social Security Act expressly provides for . . . Social Security benefits to be paid to [plaintiff's] survivors in the event he dies before collecting his underpayments," plaintiff's social security claim was not extinguished upon

---

[1] "In order to avoid potential injustice as plaintiff was proceeding pro se, the proposed Statement must be accompanied by clear instructions to (and how to) contact the Pro Se Office of this Court for instructions to the daughter on how to proceed, including, but not limited to: (a) The import of the Statement; (b) the 90 day time limit for filing a 'motion for substitution,' which runs from the time the Statement is served, Fed. R. Civ. P. 25(a)(1); (c) the necessity of determining the 'proper party' for substitution, id.; (d) the form and method by which to file and serve a proper 'motion for substitution;' and (e) the consequence—dismissal of the claim—for failure to comply with the provisions of Rule 25, id." Order, at 2-3.

death. Perlow v. Comm'r of Soc. Security, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) (Townes, J.).

Although courts are generally more lenient with pro se litigants, the ninety-day limitation of Rule 25 is still strictly applied. Malik'El v. New York State Dep't of Corr. Servs., No. 96-CV-669 (RSP/GLS), 1998 WL 187459, at *1 (N.D.N.Y. Apr. 8, 1998) (Pooler, J.) (dismissing where incarcerated pro se plaintiff failed to move for substitution within ninety days of receipt of statement of death). Parties still may move pursuant to Rule 6(b) for an extension of time "after the time has expired if the party failed to act because of excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), but failure to put forth a reason for not moving in a timely fashion will result in dismissal without further inquiry by the court. Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d. Cir 1998) (dismissing pursuant to Rule 25 where no motion for substitution filed within ninety-days and no Rule 6(b) extension request made); Brown v. Magistro, No. 10 Civ. 3705(CS)(PED), 2011 WL 6399521, at *4 (S.D.N.Y. Nov. 14, 2011), adopted by 2011 WL 6399514 (Dec. 20, 2011) (Seibel, J.) (dismissing pro se claim where plaintiff failed to move within ninety-days of statement of death, did not request an extension of time, and did not provide the court with evidence of "excusable neglect").

Here, defendants timely and properly served a statement noting death at the latest on February 13, 2012.[2] See Affidavit of Service. To avoid dismissal, therefore, "a motion for substitution," had to be filed on or before May 13, 2012. Nearly 180 days have elapsed, let alone the required ninety, and no party has filed a motion for substitution or request for an extension of

---

[2] Under Rule 25, service upon a plaintiff's child was sufficient. See Fed. R. Civ. P. 25(a)(3) (authorizing service of the "statement noting death" "on *non-parties* as provided in Rule 4.") (emphasis added); see also Steward v. City of New York, No. 04-CV-1508 (CBA)(RML), 2007 WL 2693667, at *3 (E.D.N.Y. Sept. 10, 2007) (Amon, J.) (rejecting suggested rule that statement of death must only be served on "successors" and permitting service upon deceased plaintiff's attorney). As a non-party, under Rule 25(a)(3) the Government must—and did—serve plaintiff's daughter as if she were being served with a summons pursuant to Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 25(a)(3).

time. Deceased plaintiff's claims are, therefore, dismissed and the Court need not—and cannot—address whether plaintiff's daughter would have been the proper party for substitution or reach the merits of the underlying claim for disability benefits. See id. at *4-5 (declining to analyze merits of underlying claim once Court found plaintiff failed to file motion for substitution in timely manner).

SO ORDERED.

Dated: Brooklyn, New York
August 6, 2012

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge